**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-5069**

———————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

RASHAUN SCOTT, a/k/a Shaun,

                              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, District Judge. (3:05-cr-00651-MBS)

———————————

Submitted:  March 29, 2007          Decided:  April 3, 2007

———————————

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Douglas N. Truslow, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, Leesa Washington, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaun Scott pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000). The district court sentenced Scott to 188 months' imprisonment, at the bottom of the sentencing guidelines range. Scott appealed. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but requesting this Court to review the propriety of Scott's sentence. In his pro se supplemental brief, Scott asserts the district court improperly enhanced his sentence based on facts not admitted by him or proven beyond a reasonable doubt and erroneously considered the sentencing guidelines mandatory.* The Government declined to file a responding brief. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), the sentencing court must calculate the appropriate advisory guideline range, making any necessary factual findings. The court then should consider that range in conjunction with the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) sentencing factors and determine a proper sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The sentence must be within the statutorily

---

*Scott also alleges ineffective assistance of counsel. This claim is not cognizable on appeal because ineffective assistance does not conclusively appear on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

prescribed range and reasonable.  United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citations omitted).  A sentence within the properly calculated guidelines range is presumptively reasonable.  United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  In light of these principles, we find no error in Scott's sentencing.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Scott's conviction and sentence.  This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review.  If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Scott.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED